◼ In the Matter of the Claim of JACQUELYN M. WALDO, Respondent, v. JOHNSTOWN HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board dated August 14, 1963 modifying a decision of the Referee awarding disability compensation for an occupationally caused disease and finding that claimant had sustained an accidental injury within the meaning of the Workmen's Compensation Law. Since October, 1961 claimant, a registered nurse, had been employed by the appellant hospital and had performed the varied activities usually incident to nursing care and assistance. About 3:00 A.M., on May 31, 1962 while at home she experienced a cramp-like pain in the calf of her leg and backache accompanied by carpopedal spasm and tingling in her extremities. About 9:00 A.M. on the same day in the course of her employment she assisted in bathing, washing and changing the bed of a paralyzed patient weighing about 200 pounds which entailed pulling, turning and lifting her inert body. About a half hour later she experienced sharp pains in her right leg and thigh. She was thereafter examined by her family physician who was also a member of the hospital medical staff. Within a few days the pain had extended to the regions of her hip and back and had become so intense as to require a cessation of her duties on June 6. Her condition was subsequently diagnosed as a herniated intervertebral disc with compression of the components of the right sciatic nerve whose treatment required hospitalization on two occasions. Only the treating physician testified. When asked for his professional opinion concerning the origin of the disc pathology he expressed the belief that the extensive heavy lifting activities connected with claimant's duties had produced the condition within 24 hours prior to the early morning episode of May 31, explained that characteristically its symptoms were not always immediately manifested and opined with reasonable medical certainty that her later work efforts of that day in attending the obese and paralyzed patient could have aggravated the pre-existing condition. Appellants principally contend that the testimony of this medical expert is too speculative to rise to the level of substantiality. Viewed in its entirety we think that it cannot be said that his expressions of opinion concerning the pre-existence of a disc herniation and its aggravation by the subsequent exertive work

effort had no rational basis. (*Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414.) The board's determination thus had adequate support in the record. (*Matter of Giordano* v. *Hudson Dairy Co.,* 6 A D 2d 936; *Matter of Berrios* v. *Park Sulgrave, Inc.,* 12 A D 2d 706; *Matter of Chadburn* v. *Drachman Demolition Co.,* 17 A D 2d 1008.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.